MICHAEL W. MOORE (ISBN 1919)
CRAIG STACEY (ISBN 7996)
MOORE & ELIA, LLP
Special Deputy Attorney General
Post Office Box 6756
Boise, Idaho 83707
Telephone:   (208) 336-6900
Facsimile: (208) 336-7031

*Attorneys for Defendant Justin Klitch*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DARIEN E. ROSEEN, <br><br> Plaintiffs, <br><br> vs. <br><br> IDAHO STATE POLICE TROOPER JUSTIN KLITCH, in his individual capacity; CITY OF FRUITLAND TROOPER ERIC CHRISTENSEN, in his individual capacity; PAYETTE COUNTY DEPUTY WEBSTER, in his individual capacity; and JOHN DOES I-V, unknown members of law enforcement, in their individual capacities. <br><br> Defendants. | Case No.   1:14-cv-118 <br><br> **DEFENDANT IDAHO STATE POLICE TROOPER JUSTIN KLITCH'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNT IV OF PLAINTIFF'S REVISED AMENDED COMPLAINT (DOC NO. 35)** |

COMES NOW DEFENDANT, Idaho State Police Trooper Justin Klitch, by and through

his counsel of record, Moore & Elia, LLP, and hereby submits this Reply in support of his Motion

to Dismiss Count IV of Plaintiff's Revised Amended Complaint (Doc No. 35).

In Plaintiff's Response in Opposition to the Motion to Dismiss Count IV of Plaintiff's

Revised Amended Complaint [41], Plaintiff has merely objected to the timeliness of Defendant's

motion.   For the reasons set forth below, Defendant's motion should be granted.

## PROCEDURAL HISTORY

Plaintiff filed his *Amended Revised Complaint* on July 30, 2014 [35].   Defendant Klitch

filed his *Answer to Revised Amended Complaint* on August 19, 2014 [38].   In this Answer,

Defendant Klitch asserted as his First Defense, "That Plaintiffs' Amended Complaint fails to state

a claim against this Defendant upon which relief can be granted." (*p. 2*).   Defendant Klitch filed

his *Motion to Dismiss Count IV of Plaintiff's Revised Amended Complaint* on September 12, 2014

[41].

## ARGUMENT

In his motion to dismiss, Defendant Klitch argued that Plaintiff's Count IV - Selective

Enforcement in violation of his Right to Interstate Travel in violation of the Equal Protection

Clause of the Fourteenth Amendment fails as a matter of law because Plaintiff does not have a

legal claim for selective enforcement or an infringement upon his right to interstate travel under

the circumstances of this case.   In support of this argument, Defendant Klitch asserted that

Plaintiff cannot make out a prima facie case for selective enforcement because he is not a member

of any legally recognized, identifiable group and that Plaintiff cannot show that a traffic stop and

short detention infringed upon his right to interstate travel.

In response, Plaintiff argues that the motion was filed twenty-five days after Defendant

Klitch filed his Answer and, therefore, is untimely and must be denied.   (*Plaintiff's Response, p.*

*2*).   However, the caselaw cited by the Plaintiff does not support his argument and actually

instructs that the motion should be heard and granted if meritorious:

> [T]he district court mistakenly applied Federal Rule of Civil
> Procedure 12(b)(6).   A Rule 12(b)(6) motion must be made *before*
> the responsive pleading. Fed.R.Civ.P. 12(b)(6). Here, the
> Defendants filed their motion to dismiss *after* filing their answer.

**DEFENDANT JUSTIN KLITCH'S REPLY IN SUPPORT OF MOTION TO DISMISS
COUNT IV OF PLAINTIFF'S REVISED AMENDED COMPLAINT - 2**

> Thus, the motion should have been treated as a motion for judgment
> on the pleadings, pursuant to Rule 12(c) or 12(h)(2). *Aldabe v.
> Aldabe*, 616 F.2d 1089, 1093 (9th Cir.1980). In this appeal,
> therefore, we treat the district court's dismissal as a grant of a
> motion for judgment on the pleadings.

*Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954-55 (9th Cir. 2004).

None of the cases cited in Plaintiff's Response indicate that a 12(b)(6) motion filed after a

responsive answer should be dismissed.   In *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980), this

same argument was set forth by the Appellant-Plaintiff and the Court discussed this argument:

> We believe the best approach is…treating the motion to dismiss as a
> motion for judgment on the pleadings.   Rule 12(h)(2) specifically
> authorizes use of the latter motion to raise the defense of failure to
> state a claim. Because it is only after the pleadings are closed that
> the motion for judgment on the pleadings is authorized (Rule 12(c),
> Rule 12(h)(2) should be read as allowing a motion for judgment on
> the pleadings, raising the defense of failure to state a claim, even
> after an answer has been filed. Under that interpretation, Rules 12(c)
> and 12(h)(2) together constitute a qualification of Rule 12(b)(6).
> The case for adopting such a position is further strengthened where,
> as here, each of the answers included the defense of failure to state a
> claim.

616 F.2d at 1093.

Under similar circumstances, Judge Winmill has held, "the Ninth Circuit permits a motion

to dismiss after responsive pleadings."   *Davis v. Keybank Nat. Ass'n.*, 2005 WL 2847239 (D.

Idaho Oct. 26, 2005) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1093) (*not reported*).   This motion

to dismiss is not untimely and, regardless, should be heard under FRCP 12(c).

This motion to dismiss should be viewed as a motion for a judgment on the pleadings under

FRCP12(c) and 12(h)(2).   Under Federal Rule of Civil Procedure 12(c), after the pleadings are

closed – but early enough not to delay trial – a party may move for judgment on the pleadings.

Analysis under Rule 12(c) is "substantially identical" to analysis under Rule 12(b)(6) because,

under both rules, a court must determine whether the facts alleged in the complaint, taken as true,

**DEFENDANT JUSTIN KLITCH'S REPLY IN SUPPORT OF MOTION TO DISMISS
COUNT IV OF PLAINTIFF'S REVISED AMENDED COMPLAINT - 3**

entitle the plaintiff to a legal remedy. *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). The net effect of whether a motion is viewed as a 12(b)(6) motion or a motion for judgment on the pleadings under Rule 12(c) is inconsequential because a motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim. *Motley v. Smith*, 2011 WL 2580345 (E.D. Cal. June 28, 2011) (*citing Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir.1980)); *see also Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301, fn2 (9th Cir. 1992).

Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. *Id.* On a motion to dismiss under Rule 12(b)(6), a court must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009)).

Plaintiff has also asserted that he "reserves the right to submit a substantive response to Defendant Klitch's untimely 12(b)(6) Motion in the event it is not denied as untimely." (*Response, p. 2, fn. 1*). However, the Court allowed the Plaintiff twenty-five days to response to this motion and the caselaw cited by the Plaintiff does not even support his assertion that the motion should be denied. There is no policy, rule, statute, or Court Order in this case that allows Plaintiff to file a second response to a motion if the first is not well taken by the Court. Nor is there any of the same that allow the Plaintiff to "reserve a right" to file a second response. Therefore, the Court should find that Plaintiff had an opportunity to file a substantive response and failed to do so.

## CONCLUSION

It is respectfully submitted that Plaintiff's Count IV fails as a matter of law as Plaintiff cannot make out a prima facie case for selective enforcement because he is not a member of any legally recognized, identifiable group.   Nor can Plaintiff show that a traffic stop and short detention infringed upon his right to interstate travel.   Defendant Klitch requests Plaintiff's Count IV to be dismissed as a matter of law.

DATED this 14th day of October, 2014.

MOORE & ELIA, LLP

By_____
Craig Stacey, of the Firm
Attorneys for Defendant Justin Klitch

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of October, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.   The CM/ECF system will send notification of such filing to the following:

Eric B. Swartz
Jones & Swartz PLLC
P.O. Box 7808
Boise, Idaho   83707-7808
*Attorneys for Plaintiff*

_____ U.S. Mail, postage prepaid
_____ Hand Delivered
_____ Overnight Mail
_____ Facsimile Transmission
\_\_X\_\_\_ ECF (eric@jonesandswartzlaw.com)

James J. Davis
P.O. Box 1517
Boise, Idaho   83701-1517
*Attorneys for Defendants Fruitland City*
*Police Department Trooper Christensen,*
*Payette County Sheriff's Officer Deputy*
*Webster*

_____ U.S. Mail, postage prepaid
\_\_\_\_\_ Hand Delivered
\_\_\_\_\_ Overnight Mail
\_\_\_\_\_ Facsimile Transmission
\_\_X\_\_\_ ECF jdavis@davisjd.com

Craig Stacey