# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DARIEN E. ROSEEN, individually,<br><br>                Plaintiff,<br><br>    v.<br><br>IDAHO STATE POLICE TROOPER JUSTIN KLITCH, in his individual capacity; CITY OF FRUITLAND; OFFICER ERIC CHRISTENSEN, in his individual capacity; PAYETTE COUNTY; DEPUTY WEBSTER, in his individual capacity; and JOHN DOES I-V, unknown members of law enforcement in their individual capacities,<br><br>                Defendants. | Case No. 1:14-CV-118-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

      Currently pending before the Court is Defendant Justin Klitch's Motion to Dismiss Count IV of Plaintiff's Revised Amended Complaint (Dkt. 41), filed September 12, 2014. This motion is considered under Fed. R. Civ. P. 12(c) as a motion for judgment on the pleadings, because the motion was untimely filed as a Rule 12(b)(6) motion.

## BACKGROUND

      On July 30, 2014, Plaintiff Darien Roseen ("Plaintiff") filed a Revised Amended Complaint ("Amended Complaint") against Idaho State Police Trooper Justin Klitch, the City of Fruitland, City of Fruitland Police Officer Eric Christensen, Payette County, and Payette County Sheriff's Office Deputy Webster, bringing a 42 U.S.C. § 1983 action and alleging violations of the Fourth, Fifth, and Fourteenth Amendments for unreasonable search and seizure, unlawful

**Order - 1**

selective enforcement, and unauthorized operation of a private motor vehicle.[1] (Amend. Compl. (Dkt. 35.)) The allegations contained in the Amended Complaint arise from a traffic stop made by Trooper Klitch, and the subsequent transport of Plaintiff's vehicle from the location of the traffic stop to the sally port at the Payette County jail, and the search of the vehicle, all occurring on January 25, 2013 with the assistance of other law enforcement officers contacted by Trooper Klitch. Defendant Klitch has moved to dismiss Plaintiff's Count IV, in which Plaintiff alleges that Trooper Klitch's decision to stop Plaintiff's vehicle was motivated by a discriminatory purpose, that being Plaintiff was driving a vehicle with Colorado license plates, which infringed upon his right to interstate travel.

## MOTION FOR JUDGMENT ON THE PLEADINGS

Motions for a judgment on the pleadings are governed by Federal Rules of Civil Procedure 12(c). The principal difference between motions filed pursuant to Federal Rule of Civil Procedure 12(b) and Rule 12(c) is the time of filing. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A party may move for judgment on the pleadings at any point after the pleadings close. Fed. R. Civ. P. 12(c). "Because the motions are functionally identical, the same standard of review applicable to Rule 12(b) motions applies to its Rule 12(c) analog." *Dworkin*, 867 F.2d at 1192.

A motion pursuant to Rule 12(b)(6) or Rule 12(c) challenges the legal sufficiency of the claims stated in the complaint. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). The relevant inquiry under either Rule 12(b)(6) or Rule 12(c) is whether the plaintiff's

---

[1] Only Defendant Klitch remains as a defendant in this case; the other Defendants have been dismissed. (*See* Dkt. 64.)

allegations are sufficient under Federal Rule of Civil Procedure 8(a), which sets forth the minimum pleading requirement, *i.e.*, that the plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When reviewing a motion to dismiss, the court must accept as true all non-conclusory, factual (not legal) allegations made in the complaint, *Ashcroft v. Iqbal*, 565 U.S. 662, 678-79 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007), and draw all reasonable inferences in favor of the non-moving party, *Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 565 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual allegations to provide plausible grounds for entitlement to relief. *Twombly*, 550 U.S. at 555-56. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 565 U.S. at 678.

The Court may not consider any evidence contained outside the pleadings without converting the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(b); *United States v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion

for summary judgment." *Id.* at 908 (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed.1999)).

## DEFENDANT'S MOTION TO DISMISS

Defendant Klitch moves to dismiss Plaintiff's Count IV: Unlawful Selective Enforcement in Violation of the Right to Interstate Travel in Violation of the Equal Protection Clause of the Fourteenth Amendment. First, Defendant Klitch contends that Plaintiff does not have a legally cognizable selective enforcement claim because Plaintiff is not a member of a legally identifiable class of persons for purposes of the Equal Protection clause and Plaintiff has not alleged a similarly situated class of persons to which to compare his alleged class. Second, Defendant Klitch argues that Plaintiff's constitutional right to interstate travel was not violated or infringed upon.

### A. Selective Enforcement and Equal Protection

Plaintiff has stated insufficient facts to proceed under the Fourteenth Amendment Equal Protection Clause. Under the Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920). However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940). In pleading a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show both a discriminatory purpose and a discriminatory effect. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005). To allege the requisite discriminatory effect, a complaint must plead facts demonstrating that the plaintiff was treated in a manner inconsistent

with other similarly situated, meaning that similarly situated individuals could have been prosecuted,[2] but were not. *Lacey v. Maricopa County*, 693 F.3d 896, 920 (9th Cir. 2012). To allege a discriminatory purpose, a complaint must plead facts that establish that "the decision maker . . . selected or reaffirmed a particular course of action at least in part 'because of', not merely 'in spite of', its adverse effects upon an identifiable group. *Wayte v. United States*, 470 U.S. 598, 610 (1985) (internal citation omitted).

Plaintiff alleges that Defendant Klitch "profiled, followed, and pulled over" his vehicle because it had Colorado license plates, a state that had recently legalized marijuana.[3] Amend. Compl. ¶¶ 181, 187, 189 (Dkt. 35). While it is *plausible* that Plaintiff was a part of an "identifiable group" (that of being a traveler in a vehicle with license plates identifying a state that had legalized marijuana) that was adversely effected, Plaintiff has not alleged facts that other persons from other states could have been followed and pulled over, but were not. The crux of a selective enforcement claim is the differential treatment of similarly situated persons, yet the Amended Complaint lacks any allegations in this respect. Plaintiff must identify a similarly situated class of individuals against which his experience can be compared. *See Lacey*, 693 F.3d at 920. Because he has not done so, his claim will be dismissed without prejudice.

---

[2] Although the word "prosecuted" is used, selective enforcement can be shown through a variety of actual or threatened arrests, searches and temporary seizures, citations and other coercive conduct by the police. *Lacey*, 693 F.3d at 920.

[3] The record is incomplete on this particular detail. The Court understands that a ballot initiative legalizing possession and sale of marijuana under particular circumstances had passed in Colorado in 2012. Idaho, of course, does not border Colorado, and Plaintiff had just crossed into Idaho from Oregon at the time of the traffic stop.

**Order - 5**

B.  **Right to Interstate Travel**

Plaintiff also alleges that Defendant Klitch's targeting and profiling of his vehicle infringed upon and discouraged his constitutional right to interstate travel. Amend. Compl. ¶¶ 183, 185. The constitutional right to travel comprises three components: (1) "the right to go from one place to another," by using "highway facilities and other instrumentalities of interstate commerce," which "includ[es] the right to cross state borders while en route"; (2) "the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State"; and (3) "for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *See Saenz v. Roe*, 526 U.S. 489, 500-01 (1999) (internal quotation marks omitted). Plaintiff's allegations do not implicate the third component of the right to travel recognized by *Saenz*, as he does not allege that he became a permanent resident of the State of Idaho. The Supreme Court in *Saenz* recognized that the second component of the right to travel arises out of the Privileges and Immunities Clause, Article IV, Section 2 of the U.S. Constitution. *Id*. at 501. While the face of Plaintiff's allegation could be argued to implicate this second component, this component protects only the rights of nonresidents to exercise fundamental economic rights or to seek important services. *See id*. at 501-02 (discussing cases which addressed employment, medical services, and commercial fishing). Plaintiff does not allege he was denied economic rights or important services.

Hence, all that remains is the first component of the right to travel, which pertains to the right to transit in and through the 50 states. Plaintiff alleges that Trooper Klitch's "profiling" of his vehicle and pulling him over violated this right. Amend. Compl. ¶ 181. The burden placed upon his travels by such law enforcement action, however, to not rise to the level of a

Order - 6

constitutional violation.  In *Miller v. Reed*, 176 F.3d 1202 (9th Cir. 1999), the Ninth Circuit considered similar arguments, and ruled that "burdens on a single mode of transportation do not implicate the right to interstate travel . . . and [Plaintiff] does not have a fundamental 'right to drive.'" 176 F.3d at 1205-06 (noting that "[t]he plaintiff is not being prevented from traveling interstate by public transportation, by common carrier, or in a motor vehicle driven by someone with a license to drive it").  Similarly, the toils on travel created by "gasoline taxes" or "toll roads" do not constitute violations of the right to travel.  *Id*. at 1205.  Plaintiff's Count IV alleges that he was prevented from traveling because his vehicle was pulled over.[4]  This implicates only one mode of transportation, that of driving.  Burdens on a single mode of transportation do not violate the right to travel.  *See, e.g., Gilmore v. Gonzales*, 435 F.3d 1125, 1137 (9th Cir. 2006) ("[Plaintiff] does not possess a fundamental right to travel by airplane even though it is the most convenient mode of travel for him").   The Court finds that Plaintiff has not stated a claim for violation of his right to travel.

C.  **Leave to Amend**

The Court will grant Defendant's motion to dismiss, but without prejudice.  If other facts known can more fully and properly support a claim for selective enforcement and infringement of right to travel, Plaintiff can seek to amend.  As the Amended Complaint currently reads, however, Plaintiff has not satisfied the standards of *Iqbal* and *Twombly* and stated plausible grounds for relief.

---

[4] To the extent Plaintiff's allegations incorporate the facts surrounding the seizure and inspection of his car, those facts are implicated in his Fourth Amendment claim, not Count IV.

**Order - 7**

## ORDER

**IT IS HEREBY ORDERED that** Defendant's Motion to Dismiss Count IV of Plaintiff's Revised Amended Complaint (Dkt. 41) is GRANTED, without prejudice. If Plaintiff wishes to amend Count IV, he must do so within 21 days of this Order. Any other amendment must be accompanied by a motion for leave to amend.



DATED: **March 30, 2015**

Honorable Ronald E. Bush
U. S. Magistrate Judge